Scott v. Wright.

---

## T. H. Scott v. S. W. Wright, Administrator.

1. EVIDENCE—*when error in admitting, not cured by exclusion.* Where prejudice is likely to have resulted, the action of the court in excluding evidence erroneously admitted will not prevent a reversal.

2. EVIDENCE—*what not competent upon value of services rendered.* Where the question is as to the value of services rendered, evidence of what has been paid or is being paid for the rendition of the same or similar services is not material.

3. ADMINISTRATION OF ESTATES—*scrutiny of claims presented.* A claim presented against an estate of a deceased person is subject to no more scrutiny than such claim would be subjected to if it had been made the basis of a suit during the lifetime of the alleged debtor.

Contested claim in court of probate. Appeal from the Circuit Court of Moultrie county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1907. Reversed and remanded. Opinion filed December 7, 1907. Rehearing denied December 20, 1907.

E. J. MILLER, for appellant.

JOHN E. JENNINGS and W. K. WHITFIELD, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

T. H. Scott, the appellant, filed in the County Court a claim against the estate of A. J. Patterson, deceased, of which appellee is administrator, for the sum of $2,118.52. The county judge allowed the claim in the sum of $1,427.16. The administrator appealed to the Circuit Court where the cause was tried by jury, resulting in a judgment allowing the claim in the sum of $122.57, from which Scott now appeals. The evidence shows that the deceased, A. J. Patterson, held the office of county treasurer of Moultrie county for the term of four years from December, 1898; that during that period Scott acted as deputy treasurer by appointment of Patterson; that during the time Patterson paid to Scott various sums of money on account of salary, and that Scott frequently took cash from the treasury or drew checks in his own favor upon Patterson's bank account. So far as the record shows no agreement existed between the parties as to the amount of compensation Scott was to receive for his services, and in this action he seeks to recover what the same were reasonably worth.

While there is some controversy as to the total amount of the payments to Scott, the main issue upon the trial was as to the reasonable value of his services.

The opinions of the witnesses called upon the question varied greatly, those called by Scott fixing the amount at from $800 to $2,000 per annum, and those called by appellee, at $600 per annum. A review of the evidence indicates that the jury fixed the value of his services at about $40 per month, being less than the minimum amount. Upon the trial Percy Patterson, a brother of the deceased, was permitted to testify over objections, that he heard Mrs. Scott, the wife of the claimant, state in a conversation that her husband

was receiving as salary only $50 a month. It did not appear that Scott took any part in such conversation or that he heard what was said. Notwithstanding the court upon motion excluded such testimony from the jury, it is probable that the jury were influenced by it. Upon the cross-examination of the witness Martin, he was allowed to state, over objection, that the salary of the then deputy county treasurer was but $40 per month. This was obvious error. Such fact was utterly immaterial to the issues involved and doubtless harmful to appellant. It was also serious error to tell the jury, as was done by appellee's eleventh instruction, that where a claim is not presented until after the death of the alleged debtor, it should be carefully scrutinized. Such is not the law. A claim against the estate of a deceased person stands upon the same basis as any other. Farrow v. Flatt, 61 Ill. App. 120. In view of the wide range of opinion as to the reasonable value of appellant's services, we are impelled to hold that the errors indicated were sufficiently prejudicial to require a reversal of the judgment of the Circuit Court and the remandment of the cause for another trial.

*Reversed and remanded.*